IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GEORGE SHEPARD, Individually and on behalf of all persons similarly situated, <br><br> Plaintiff, <br><br> V. <br><br> STATE OF NEBRASKA, DOUG PETERSON, Attorney General, SHERRI DAWSON, COURTNEY MILLER, DEPT OF HEALTH & HUMAN SERVICES, MENTAL HEALTH BOARD OF DOUGLAS CO., TY LYNNE BAUERS, STEPHEN O'NEILL, NORFOLK REGIONAL CENTER, SANAT ROY, SHANNON BLACK, LINCOLN REGIONAL CENTER, and JANE AND JOHN DOES, in their official and individual capacities, <br><br> Defendants. | 4:15CV3165 <br><br> **MEMORANDUM AND ORDER** |

Plaintiff, who currently resides in the Norfolk Regional Center, filed his Complaint on December 30, 2015. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 6) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff alleges that following the completion of his prison sentence, he was involuntarily confined in the Norfolk Regional Center as a dangerous sex offender in

violation of his constitutional rights. (Filing No. 1.)

Plaintiff also alleges, among other things, that while at the Norfolk Regional Center, he has been denied job opportunities, private living conditions, and adequate access to the law library. Plaintiff further alleges that he has been denied access to family, friends, property, money, media, newspapers, and television. Moreover, Plaintiff alleges that Defendants have failed to provide residents of the Norfolk Regional Center with adequate therapy, hire a sufficient number of mental health professionals to treat residents, explain the criteria used to evaluate residents' progress through the treatment program, and comply with internal management and procedures. (Filing No. 1.)

Additionally, Plaintiff asserts he has received inadequate medical care. Plaintiff also maintains that Defendants have violated HIPAA by forcing him to disclose his medical conditions to other residents of the Norfolk Regional Center. (Filing No. 1.)

Plaintiff named the State of Nebraska, Nebraska Department of Health & Human Services, Norfolk Regional Center, Lincoln Regional Center, and the "Mental Health Board of Douglas County" as defendants in this suit. Plaintiff also identified several purported state employees as defendants. Plaintiff's claims are brought against the individuals in both their individual and official capacities. (Filing No. 1.)

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims

across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff's Complaint asserts various types of claims. These claims are discussed separately below.

**1.     Release from Custody**

Plaintiff's Complaint challenges the Mental Health Board's decision to confine him as a dangerous sex offender. However, the *Rooker-Feldman* doctrine precludes consideration of this claim in this court. The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state proceedings. *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005). *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court judgment and seeking review and rejection of that judgment.'" *Mosby*, 418 at 931 (quoting *Exxon Mobil Corp.*

3

*v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). The *Rooker-Feldman* doctrine also applies to state proceedings that are essentially judicial in nature. *Feldman*, 460 U.S. at 467.

The court cannot review the constitutionality of Plaintiff's commitment without questioning the validity of the Mental Health Board's judgment. Therefore, the *Rooker-Feldman* doctrine bars consideration of this claim. In order for Plaintiff to properly challenge his confinement, he must seek the appropriate state remedies. Once Plaintiff has exhausted his state remedies, he may seek habeas corpus relief in this court. Thus, Plaintiff's claims relating to the constitutionality of his confinement at the Norfolk Regional Center will be dismissed, but the court will do so without prejudice to reassertion in a habeas or other similar proceeding after he has exhausted his state remedies.

### 2. Section 1983 Claims

Plaintiff asserts claims under 42 U.S.C. § 1983 against the State of Nebraska, as well as several state agencies and state employees, alleging unlawful conditions of confinement and deficient medical care. The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., id.*; *Nevels v. Hanlon,* 656 F.2d 372, 377-78 (8th Cir. 1981). However, sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state employee defendants acting in their official capacity. Plaintiff has sued Nebraska state employees and seeks monetary relief against them. To the extent Plaintiff seeks to sue the employees in their official capacities, the Eleventh

Amendment bars his claims. Thus, these claims will be dismissed.

Still, Plaintiff has also named several purported state employees as defendants in their individual capacities. Plaintiff did not, however, indicate that any of the employees were personally involved in the events described in his Complaint. A complaint that does not allege that a defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed a pro se complaint where the complaint did not allege that defendant committed a specific act and the complaint was silent as to defendant except for his name appearing in caption)). Therefore, Plaintiff's claims against the individual defendants in their individual capacities fail.

However, on the court's own motion, the court will provide Plaintiff with an opportunity to file an amended complaint that states a viable cause of action under 42 U.S.C. § 1983. In doing so, Plaintiff should keep in mind the necessity of alleging personal involvement and participation by individually named defendants, as well as the need to set forth any alleged unconstitutional activity in a detailed, non-conclusory manner. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

### 3. Americans with Disabilities Act & Rehabilitation Act

Plaintiff makes conclusory allegations that Defendants violated the Americans with Disabilities Act ("ADA") and § 504 of the Rehabilitation Act. To state a prima facie claim under the ADA, a plaintiff must show: "(1) he is a person with a disability as defined by statute; (2) he is otherwise qualified for the benefit in question; and (3) he was excluded from the benefit due to discrimination based upon disability." *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999). The elements of a claim under the Rehabilitation Act are the same, with the additional requirement that the plaintiff show that the program or activity from which he is excluded receives federal financial

assistance. *Id*.

Plaintiff has failed to allege violations of the ADA or Rehabilitation Act. Plaintiff did not even attempt to explain how these Acts were violated, nor did he actually identify any alleged disability. In short, Plaintiff did not plead factual content that would allow the court to draw the reasonable inference that he was subject to discrimination or that he is a disabled person within the meaning of these Acts.

As set forth above, Plaintiff will have 30 days in which to file an amended complaint that sets forth ADA and Rehabilitation Act claims upon which relief may be granted. Any amended complaint filed by Plaintiff must also set forth whether he exhausted his administrative remedies with respect to his claims.

### 4. HIPAA Claim

Plaintiff alleges that Defendants violated his rights under the Health Insurance Portability and Accountability Act ("HIPAA") by forcing him to reveal his medical conditions to other residents at the Norfolk Regional Center. However, HIPAA does not provide Plaintiff with a private cause of action. *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010). "Since HIPAA does not create a private right, it cannot be privately enforced either via § 1983 or through an implied right of action." *Adams v. Eureka Fire Protection District*, 352 Fed. App'x. 137, 139 (8th Cir. 2009). Therefore, Plaintiff's HIPAA claim will be dismissed for failure to state a cause of action.

### IV. REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a Motion (Filing No. 3) seeking the appointment of counsel. The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id*. Having considered

these factors, the request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED:

1. Plaintiff's claim under the Health Insurance Portability and Accountability Act ("HIPAA") is dismissed with prejudice.

2. Plaintiff will have 30 days in which to file an amended complaint in accordance with this order. Failure to file an amended complaint within 30 days will result in the court dismissing this action without further notice.

3. The clerk of the court is directed to set the following pro se case management deadline: May 19, 2016: check for amended complaint; dismiss if none filed.

4. Plaintiff's Motion for Appointment of Counsel (Filing No. 3) is denied without prejudice to reassertion.

DATED this 18th day of April, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge